**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4528

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN LEE RANDALL, a/k/a Flex,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:06-cr-00583-TLW-3)

Submitted: February 18, 2022                           Decided: March 31, 2022

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence, South Carolina, for Appellant. M. Rhett DeHart, Acting United States Attorney, Charleston, South Carolina, A. Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Lee Randall appeals the judgment revoking his supervised release and imposing a 48-month term of imprisonment, to run consecutively to a related state sentence. On appeal, Randall's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed a plainly unreasonable sentence by running Randall's prison term consecutively to his state sentence. Randall was notified of his right to file a pro se supplemental brief but has not done so.

After a review of the record pursuant to *Anders*, we directed the parties to provide merits briefs addressing whether the district court imposed a plainly procedurally unreasonable sentence by failing to adequately consider or explain its reasons for rejecting Randall's arguments for a lower sentence. Having thoroughly reviewed the parties' submissions and the record, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we "first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In so doing, we are guided by "the same procedural and substantive considerations that guide our review of original sentences," but we take "a

more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). We presume that a sentence within or below the applicable revocation policy statement range is reasonable. *See Padgett*, 788 F.3d at 373; *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2018); *see Webb*, 738 F.3d at 641. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). An explanation is adequate if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular

3

defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (cleaned up). The court's response to nonfrivolous arguments and explanation for the sentence must be sufficient to "allow for meaningful appellate review and to promote the perception of fair sentencing." *Slappy*, 872 F.3d at 207-08 (internal quotation marks omitted). Often, however, minimal explanation is needed for a revocation sentence where the case is simple or the court imposes a sentence within the policy statement range. *See United States v. Patterson*, 957 F.3d 426, 438-39 (4th Cir. 2020).

Our review of the record reveals that Randall's revocation sentence is reasonable. Randall principally asserts that the district court's decision to run the sentence consecutively to his prior state sentence was unreasonable. To the contrary, that decision fully complies with the Guidelines' recommendation that any term of imprisonment imposed on revocation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." USSG § 7B1.3(f), p.s. Randall's consecutive sentence did not effectively punish him twice for the same conduct. Rather, sentences for violations of supervised release conditions are intended to sanction the abuse of the court's trust inherent in those violations, not to punish the underlying offense. *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996); *see* USSG ch. 7, pt. A(3)(b); *Webb*, 738 F.3d at 641. Absent such a rule, "a defendant would effectively escape meaningful punishment for violating his

supervised release conditions" simply because he did so by committing a criminal offense. *United States v. Coombs*, 857 F.3d 439, 451 (1st Cir. 2017).

Here, the district court considered Randall's request for a concurrent sentence and acknowledged its authority to run the revocation sentence concurrently with the state sentence but determined that the Guidelines' nonbinding advice to run the sentences consecutively was appropriate in Randall's case. The court acted within its discretion in determining that the mitigating circumstances Randall identified did not outweigh his substantial breach of the court's trust in returning to drug sales, over an extended period of time, within roughly a year of his release from a prior lengthy sentence for similar conduct.

At bottom, the district court considered the parties' arguments and provided a reasoned explanation for the sentence it imposed, grounded in the applicable 18 U.S.C. § 3553(a) factors. While the court did not expressly address each of Randall's mitigation arguments, it provided adequate assurance that it had considered Randall's arguments for a different sentence, particularly in light of the straightforward nature of this case and the court's decision to grant, to a limited degree, Randall's request for a sentence below the policy statement range. *See Patterson*, 957 F.3d at 438-39. Further, we conclude that Randall fails to rebut the presumption of substantive reasonableness accorded his below-range sentence. *See Padgett*, 788 F.3d at 373; *Louthian*, 756 F.3d at 306.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5